**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **INDIA MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-12471** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BALLY'S CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

---

## COMPLAINT

Plaintiff, India Miller ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bally's Corporation ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, harassment on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

6. A charge of employment discrimination on the basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, India Miller, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Bally's Corporation, is a corporation doing business in and for Cook County whose address is 600 N Wabash Ave, Chicago, Illinois 60611.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

12. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## BACKGROUND FACTS

13. Plaintiff was employed by Defendant as a Table Game Dealer from in or around March

2025 until her unlawful constructive discharge on or about March 11, 2026.

14. Plaintiff has a physical impairment that substantially limits one or more major life activities, specifically a permanently disabling broken left ankle for which she underwent surgery in or around August 2025.

15. Plaintiff's impairment substantially limits major life activities, including but not limited to walking and standing.

16. Despite her disability, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

17. Plaintiff is a "qualified individual" as defined under the ADA.

18. Plaintiff is "disabled" as defined under the ADA.

19. Plaintiff is a member of a protected class because of her disability.

20. As a Table Game Dealer, Plaintiff's duties consisted primarily of sitting while dealing cards during her shift.

21. Plaintiff remained off work from in or around August 2025 until November 2025 while recovering from surgery on her left ankle.

22. On or about November 19, 2025, Plaintiff's physical therapist cleared her to return to work with the following restrictions: continued use of a walking boot; access to an elevator; and the ability to take seated breaks every 20 minutes or as needed.

23. Because Plaintiff's position as a Table Game Dealer already involved sitting for the majority of her shift, Plaintiff was capable of performing her job duties with these restrictions.

24. Plaintiff was scheduled to return to work on or about November 27, 2025, and she reported to work as scheduled.

25. Upon Plaintiff's return, her director initially approached her about the walking boot but did not appear concerned.

26. Plaintiff's use of the walking boot was a reasonable accommodation for her disability.

27. Later on that same day, however, Plaintiff's director and Defendant's Human Resources department informed Plaintiff that the walking boot would not be permitted on the gaming floor.

28. Defendant's Human Resources representative, Alex, acknowledged that Plaintiff had previously been cleared to return to work and that Defendant was aware Plaintiff would be returning while wearing the boot

29. Notwithstanding this acknowledgment, Plaintiff was informed that she could not return to work unless she had no restrictions and was no longer wearing the boot.

30. Because of Defendant's decision, Plaintiff was unable to resume her position.

31. Therefore, Defendant failed to accommodate Plaintiff's disability despite her reasonable request to return to work while wearing a boot, access to an elevator, and the ability to sit for 20 minutes as needed.

32. At the time Plaintiff reported to work, she continued to require the walking boot during her recovery as a reasonable accommodation.

33. Plaintiff informed Defendant that she could still perform her job duties because the position involved sitting most of the time and her restrictions did not prevent her from performing the essential functions of the job – effectively requesting an accommodation.

34. Despite Plaintiff's requests, Defendant did not offer any reasonable accommodation and did not engage in any meaningful interactive process with Plaintiff regarding possible accommodations.

35. Defendant also did not offer Plaintiff reassignment to any available alternative positions.

36. Notably, there were several positions within the casino that involved working behind a glass window or counter, which Plaintiff could have performed with her medical restrictions, but no such positions were offered.

37. Plaintiff was also aware that other employees had been permitted to work with similar mobility aids.

38. Plaintiff's mother, who was previously employed at the casino, informed Plaintiff that another employee had previously been accommodated while using a leg brace and a scooter.

39. Additionally, shortly before her resignation, Plaintiff posted a farewell message on the casino's Facebook page, and two coworkers responded stating that they had observed employees working with similar conditions.

40. One coworker, Ben, stated that he had walked around the casino wearing a boot for several weeks without issue.

41. Another coworker, Kasha, referenced another employee who had worked while wearing a leg brace.

42. Upon information and belief, these employees were non-disabled and had temporary conditions, unlike Plaintiff who was disabled; accordingly, Defendant's disparate treatment of Plaintiff's disability was sufficiently severe or pervasive to alter the terms and conditions of her employment by not allowing Plaintiff to work with a boot.

43. Because Defendant refused to allow Plaintiff to work while wearing the boot and refused to provide any accommodation or alternative work, Plaintiff was unable to continue her employment, as no reasonable person would have been able to continue working under these

circumstances.

44. As a result, Plaintiff was unlawfully constructively discharged on or about March 11, 2026.

45. Defendant effectively denied Plaintiff's request for reasonable accommodation and failed to engage with Plaintiff in an interactive process to determine the appropriate accommodation as required by the ADA.

46. Defendant's refusal to permit Plaintiff to return to work, failure to engage in the interactive process, and failure to provide any accommodation or alternative work constituted unlawful conduct under the ADA.

47. Other similarly situated non-disabled employees were not subject to the same treatment as Plaintiff.

48. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

49. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of income, loss of employment benefits, emotional distress, humiliation, embarrassment, and other damages.

50. Defendant's disability-based discrimination, disability-based harassment, failure to accommodate, and retaliation, coupled with Defendant's constructive discharge of Plaintiff, took a heavy mental toll on Plaintiff, who suffered and continues to suffer severe mental anguish and distress.

## COUNT I
## Violation of the Americans with Disabilities Act
## (Disability-Based Discrimination)

51. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, specifically a left ankle impairment, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

53. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

54. Plaintiff was treated less favorably than similarly situated non-disabled employees.

55. Defendant constructively discharged Plaintiff on the basis of Plaintiff's disability.

56. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

57. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
## Violation of Americans with Disabilities Act
## (Failure to Accommodate)

60. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

62. Plaintiff is a qualified individual with a disability.

63. Defendant was aware of the disability and the need for accommodations, as Plaintiff requested to return to work with a walking boot, elevator access, and the ability to take seated breaks every 20 minutes or as needed.

64. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

65. Plaintiff's requests were not an undue burden on Defendant.

66. Defendant did not accommodate Plaintiff's disability.

67. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to Plaintiff's disability.

68. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT III</u>**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

70. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

71. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

72. During Plaintiff's employment with Defendant, Plaintiff engaged in protected activity by requesting reasonable accommodations for her disability, including requesting to return to work with a walking boot, elevator access, and the ability to take seated breaks.

73. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et*

*seq*.

74. In response to Plaintiff's request for reasonable accommodation, Defendant retaliated against Plaintiff by terminating her.

75. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her action of requesting reasonable accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

**76.** Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination.

**77.** The timing indicates that there is a causal connection between Plaintiff's protected activity, requesting accommodations, and her subsequent adverse employment action.

78. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
## Violation of the Americans with Disabilities Act
## (Disability-Based Harassment)

80. Plaintiff repeats and re-alleges paragraphs 1-50 as if fully stated herein.

81. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. Section 12101, et seq.

82. Defendant knew or should have known of the disability-based harassment.

83. The disability-based harassment was severe or pervasive.

84. The disability-based harassment was offensive subjectively and objectively.

85. Despite Plaintiff's ability to return to work, Defendant told Plaintiff she could not return with a walking boot, after already approving her return.

86. The walking boot was necessary to accommodate Plaintiff's disability and support her recovery.

87. Even with this knowledge, Defendant opted to refuse to accommodate her or return her to work with accommodations.

88. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and

proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 12th day of October 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Sophia K. Steere***
**SOPHIA K. STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*
/s/ ***Jake Fondel***
**JAKE FONDEL, ESQ.**
IL Bar No.: 6354446
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-5953
Fax (630) 575 - 8188
jfondel@atlaslawcenter.com
*Attorney for Plaintiff*